| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE NOBLE SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | |

| | |
|---|---|
| TAMMY TUTTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BUSCHE ENTERPRISE DIVISION, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

CASE NO. 57D01-1009-PL- 0 1 7

**FILED**

SEP 22 2010

CLERK NOBLE SUPERIOR COURT
DIVISION 1

## VERIFIED COMPLAINT

The Plaintiff, Tammy Tuttle ("Plaintiff") states her claim against the Defendant,
Busche Enterprise Division, Inc., ("Defendant") as follows:

1. The Plaintiff brings this action pursuant to the Americans with Disabilities
Act ("ADA"), 42 U.S.C. §12101 et. seq., as amended by the Americans with Disabilities
Amendments Act of 2008.

2. At all times relevant to this complaint, the Plaintiff was an "employee" and
the Defendant was an "employer" as those terms are defined by the ADA, 42 U.S.C. §12111.

3. At all times relevant to this complaint, the Plaintiff was an individual with
a "disability" as that term is defined by the ADA, 42 U.S.C. 42 U.S.C. §12102.

4. On January 21, 2010, the Plaintiff requested a reasonable accommodation
for her disability within the meaning of the ADA, 42 U.S.C. § 12111 (9).

5. On January 22, 2010, the Defendant denied the Plaintiff's request for a
reasonable accommodation and instead terminated her employment in violation of the
ADA, 42 U.S.C. §12112(5) (A) and/or (B).

6. On April 1, 2010, the Plaintiff filed a charge of discrimination with the

- 1 -

EXHIBIT 1

Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Plaintiff's charge of discrimination is attached hereto as Exhibit "A".

7.   On September 13, 2010, the EEOC issued a Dismissal and Notice of Suit Rights authorizing the Plaintiff to file this lawsuit. A true and accurate copy of the Plaintiff's Notice of Right to Sue is attached hereto as Exhibit "B".

8.   This lawsuit has been filed within 90 days of the issuance of the EEOC Right to Sue letter and is timely.

9.   The Defendant is a domestic corporation, which is registered with the Indiana Secretary of State and which has its principle place of business in Noble County, Indiana.

10.   The Plaintiff is a citizen of Indiana and resides in Noble County, Indiana.

11.   This Court is the appropriate venue for this action.

12.   The Plaintiff was employed by the Defendant as a Quality Systems Administrator for approximately six (6) years at its facility located in Albion, Indiana.

13.   The Plaintiff is an insulin-dependent diabetic, and is subject to debilitating seizures, which are life-threatening. The Plaintiff's seizures are triggered by stress, exhaustion, lack of food, and flashing lights. The Plaintiff can control her seizures by using oral diabetic medication, insulin injections, and anti-seizure medication. Even with these medicines, the Plaintiff periodically experiences pre-seizure activity in the form of uncontrolled jerking motions, light-headedness, dizziness, hot-flashes, and nausea which rendered her unable to perform the functions of her job for temporary periods. During these periods, the Plaintiff must rest, eat, and/or take her medications.

14.   The Plaintiff's condition is a disability within the meaning of the ADA.

15.   The Defendant first learned of the Plaintiff's disability within one month of her beginning employment when the Plaintiff experienced a pre-seizure episode and had to be released from work early and driven home.

16.   On several occasions after that first episode, the Defendant allowed the

SEP-24-2010 09:10 From:BUSCHE HR

Plaintiff to leave work early when pre-seizure activity began. The Defendant also provided the Plaintiff with a different, flat-screen computer monitor after the Plaintiff's doctor determined that her existing computer monitor was triggering pre-seizure activity in the Plaintiff.

17.    On January 20, 2010, the Defendant instructed the Plaintiff to travel with a crew of three other employees to a customer's facility located about four hours away in Cardington, Ohio to sort parts.

18.    Prior to leaving for this job, the Plaintiff asked what time they would get back, or if they were going to be in Ohio all night. The Plaintiff explained that she could not go for long periods without her medication or she could suffer a seizure. The Plaintiff offered to go home and get her medicine if a long stay was required.

19.    The Defendant's Quality Manager, Kevin Blevins told the Plaintiff that she did not have to worry about getting her medicine because the sort would only take a couple of hours, which should have allowed the Plaintiff to return home by 7:00 p.m. that evening.

20.    Contrary to this statement, the Plaintiff and her crew were required to stay on the customer's work-site sorting parts until approximately 10:45 p.m. The Plaintiff did not arrive back at her home until approximately 2:30 a.m. on the morning of January 21, 2010. By the time the Plaintiff arrived home in the early morning hours of January 21, 2010 she was experiencing pre-seizure activity (i.e. an uncontrolled jerking in her hand, arm and head and her eyes were starting to roll back into her head).

21.    Prior to the Plaintiff's arriving home, Kevin Blevins sent a text message asking that the Plaintiff report back to work at 7:00 a.m. on January 21, 2010 in order to return to Ohio and finish the sort job (which was not yet completed).

22.    The Plaintiff responded to Blevins and to her immediate supervisor, Tom Keller, that she would not be able to physically return to work at 7:00 a.m. on January 21, 2010 due to her health condition. The Plaintiff explained that if she pushed her body that hard (i.e. working an 18 hour day, and then getting only 4 hours of sleep and returning to

- 3 -

SEP-24-2010 09:10 From:BUSCHE HR

work again) she would trigger a seizure.

23.     The Plaintiff's supervisor, Tom Keller, responded that the Plaintiff needed to "suck it up, take one for the company, and get Busche out of this sort." Blevins, however, did not respond to the Plaintiff's text.

24.     The Plaintiff continued to respond that she would not be able to be at work by 7:00 a.m., but would arrive at work by 10:30 or 11:00 a.m., while Keller continued to encourage her to report to work at 7:00 a.m. Ultimately, the Plaintiff said she just could not physically come to work at 7:00 a.m., but that she had heard no response from Blevins. Keller stated that he would "take care of Blevins" the next day.

25.     The Plaintiff arrived for work at 10:45 a.m. on January 21, 2010.

26.     The Plaintiff learned at that time that the Defendant had sent another team to Ohio to finish the sort earlier in the day.

27.     Later, on January 21, 2010, Kevin Blevins said to her "you cost Busche money" because he had to send another crew to Ohio. Tom Keller was not in the plant on that day.

28.     On the morning of January 22, 2010, Kevin Blevins called the Plaintiff into the office of Jim Stewart, the Defendant's Operations Manager. Also present was Charlotte Clark, and Human Resources Clerk for the Defendant.

29.     At the meeting on the morning of January 22, 2010, Jim Stewart informed the Plaintiff that the Defendant was "doing away with [her] job" because of the economy and business was slow. Stewart also stated "you know how things go when business gets slow your job is always on the bubble."

30.     Jim Stewart offered the Plaintiff a "Clerks" position for less than 40% of her usual rate of pay. When the Plaintiff asked if she could see the job description for the offered position, Stewart informed the Plaintiff that no job description was available. Stewart then said that he needed the Plaintiff to give him an answer right then.

31.     Stewart told the Plaintiff that she had to accept the Clerk position or she

- 4 -

SEP-24-2010 09:10 From:BUSCHE HR

would be permanently laid off.

32.    The Plaintiff refused to accept the Clerk position without even seeing the job description and so the Defendant terminated her employment on the morning of January 22, 2010.

33.    The Plaintiff's diabetes and related health conditions constitute a disability under the ADA.

34.    The Plaintiff's request to report to work by 11:00 a.m. on January 21, 2010 constituted a request for a reasonable accommodation within the meaning of the ADA.

35.    The Defendant's proffered reason for eliminating the Plaintiff's position was a pretext.

36.    The Defendant's true motive was to terminate the Plaintiff due to her disability or in order to avoid having to provide reasonable accommodations to the Plaintiff due to her disability.

37.    The Defendant's conduct was not in good faith, and the Defendant had no reasonable basis to believe that its actions did not violate the law.

38.    The Defendant's actions violated the provisions of the ADA.

## Prayer for Relief

39.    The Plaintiff seeks declaratory relief that the Defendant's conduct violated the provisions of the ADA.

40.    The Plaintiff seeks injunctive relief including reinstatement to employment in her former position with full seniority and an injunction prohibiting the Defendant from further discriminating against her due to her disability and requiring the Defendant to provide reasonable accommodations to her due to her disability.

41.    The Plaintiff seeks economic damages including lost wages and lost employee benefits, including, but not limited to lost health insurance benefits and lost pension benefits.

SEP-24-2010 09:11 From:BUSCHE HR

42. The Plaintiff seeks compensatory damages, and punitive damages which are available under the ADA in an amount to be proven at trial.

43. The Plaintiff seeks pre-judgment interest on her lost wages and other economic damages.

44. The Plaintiff seeks an award of her attorney fees, costs, and expenses incurred in bringing this action.

45. The Plaintiff seeks all other damages and remedies available to her under the ADA or other law which the Court finds just and equitable in the premises.

**WHEREFORE**, the Plaintiff, Tammy Tuttle, respectfully requests that this Court enter a judgment against the Defendant, and grant the Plaintiff all appropriate relief prayed for above and any other relief that the Court deems just and proper in the premises.

## VIII. Request for Jury Trial

COMES NOW the Plaintiff, Tammy Tuttle, by counsel, and request that this matter be tried to a jury.

## Affirmation

I affirm under the penalties of perjury that the foregoing statements of fact are true and accurate.

9/20/2010
Date

Tammy Tuttle

- 6 -

SEP-24-2010 09:11 From:BUSCHE HR

**RESPECTFULLY SUBMITTED:**

By: _____

Patrick L. Proctor, Atty. No. 17509-02
EILBACHER FLETCHER LLP
803 South Calhoun Street, Suite 400
Fort Wayne, Indiana 46802
Phone: (260) 425-9777
Fax: (260) 424-9177
Proctor@eflawyers.com
Counsel for the Plaintiff

- 7 -

Aug 25 10 08:27a      EEOC INDO 3172265571          3172265571          P.2

GEOC Form 9 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974  See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA ☒ EEOC | 470-2010-01340 |

| Indiana Civil Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Tammy Tuttle | (260) 249-8635 | 03-06-1970 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 72 | Wolf Lake, Indiana 46976 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BUSCHE ENTERPRISE | 500 or More | ~ (260) 636-7030 |

| Street Address | City State and ZIP Code |
|---|---|
| 1563 E. State Rt. 8, Albion, IN 46701 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest        Latest |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN       01-22-2010     01-22-2010

☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)                                                        ☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s))

I am an individual with a disability who began employment with Busche Enterprise.  My job title was Quality Systems Administrator.

After I worked around 19 hours, Director of Quality Tom Keller wanted me to leave from work at 2:00 a.m. and return back to work at 7:00 am. I told him I could not do that due to my disability. Tom told me to suck it up and take one for the company.  I then requested to be accommodated because of my disability.  On January 22, 2010, I was paged by Tom to come into Jim Stewarts's office.  Human Resources Clerk Charlotte Clark was also in the office. Jim informed me that they were doing away with my position.

I believe I have been discriminated against due to my disability, which is a violation of the Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 4/1/10        _Charging Party Signature_ Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

PLAINTIFF'S EXHIBIT

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Tammy Tuttle<br>P.O. Box 72<br>Wolflake, IN 46796 | From: Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2010-01340 | Joy L. Pentz,<br>Enforcement Manager | (317) 226-5372 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination In Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission,

_Webster Smith_

**SEP 1 3 2010**

Enclosures(s)

Webster N. Smith,
Acting District Director

(Date Mailed)

cc:
Adam L. Bartrom, Esq.
Attorney at Law
BARNES & THORNBURG, LLP
600 One Summit Square
Fort Wayne, IN 46802

Eilbacher Fletcher, LLP
Patrick Proctor
803 South Calhoun St
Suite 400
Ft. Wayne, IN 46802

